J-S28027-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARVIN MARTINEZ | : | |
| | : | |
| Appellant | : | No. 2235 EDA 2020 |

Appeal from the Judgment of Sentence Entered March 13, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003708-2018

BEFORE: BOWES, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY DUBOW, J.: Filed: October 28, 2021

Appellant, Marvin Martinez, appeals from the March 13, 2019 Judgment

of Sentence entered in the Philadelphia Court of Common Pleas following his

non-jury conviction of Unlawful Contact with Minor, Corruption of Minor, and

Indecent Assault – Person Less than 13 Years of Age. Upon review, we affirm.

A detailed recitation on the factual and procedural history is unnecessary

to our review. Briefly, on December 16, 2017, K.C. and L.B., who were both

12 years old at the time, visited the home of a family friend where they played

hide and seek with Appellant. While Appellant was hiding with K.C. in the

basement, he pulled K.C. on his lap and, while her clothes were still on,

grabbed her vagina, touched her breasts, and rubbed her inner thighs over

her clothes. Appellant proceeded to ask K.C. whether she had a boyfriend or

---

[*] Retired Senior Judge assigned to the Superior Court.

had received her first kiss, and told her not to tell her parents what happened. Later during the hide and seek game, Appellant rubbed L.B.'s leg from her ankle up to her knee while she was hiding behind a curtain. A few days later, after K.C. was discovered cutting herself in school, K.C. disclosed the incident with Appellant to a school counselor, hospital crisis workers, and police, who subsequently arrested Appellant.

On January 11, 2019, the trial court held a non-jury trial. The Commonwealth presented testimony from K.C. and L.B., who were both approximately 13½ years of age at the time of trial, and testified to the above events. The Commonwealth also presented testimony from K.C.'s mother and Leslie Santos, a forensic interviewer for Philadelphia Children's Alliance. Appellant failed to raise an objection to K.C. or L.B.'s testimony based on competency and had an opportunity to cross-examine all of the Commonwealth's witnesses.

Appellant testified on his own behalf, alleging a different version of events. In sum, Appellant testified that when he was hiding with K.C. in the dark basement, he asked K.C. if she was scared, put his hand over K.C.'s heart to feel her heartbeat, and asked her about whether she had a boyfriend or if she had ever been kissed just to make conversation like he did with his own children.

At the conclusion of the trial, the trial court found Appellant guilty of all charges related to K.C.[1]  On March 13, 2019, the trial court sentenced Appellant to an aggregate sentence of six to twelve months' incarceration followed by five years of probation.

Appellant timely appealed.[2]  Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

a. Did the trial court err, abuse its discretion, and/or make a mistake of law when it allowed the Commonwealth's child witnesses to testify without an independent examination that these witnesses possessed competency?

b. Did the trial court err, abuse its discretion, and/or make a mistake of law when it found [Appellant] guilty in the absence of competent testimony?

Appellant's Br. at 6.

In his first issue, Appellant avers that Pennsylvania law requires a "searching judicial inquiry as to the mental capacity of witnesses under the age of fourteen."  Appellant's Br. at 12.  Appellant argues that the trial court erred when the court allowed child witnesses K.C. and L.B., who were both under fourteen years of age at the time of trial, to testify without making an

---

[1] The trial court found Appellant not guilty of all charges related to L.B.

[2] On October 28, 2020, the trial court granted Appellant's Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, and reinstated Appellant's appeal rights *nunc pro tunc*.

independent determination of whether the child witnesses were competent to testify. *Id.* This claim of error is waived.

It is well settled that "[f]ailure to timely object to a basic and fundamental error will result in waiver of that issue." *In Interest of A.W.*, 187 A.3d 247, 252-53. (Pa. Super. 2018) (citation omitted). This court will not consider a claim of error when an appellant fails to raise the claim in the trial court at a time when the error could have been corrected. *Id.* at 253; *see also* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). This court has explained, "the competency of a child is to be determined at the time he is offered as a witness. It is the privilege and right of the objector to have the witness examined on his *voir dire* before he is sworn." *Commonwealth v. McKinley*, 123 A.2d 735, 737 (Pa. Super. 1956) (citation omitted). A failure to object to the competency of a child witness during the trial, especially when coupled with an opportunity to cross-examine that child witness, results in a waiver of any objection regarding the witness' competency. *Id.*

Instantly, Appellant failed to lodge an objection to K.C. and L.B.'s testimony before or during trial. Moreover, Appellant's counsel had an opportunity to cross-examine both witnesses and question them regarding their competency. Accordingly, because Appellant failed to raise this issue before the trial court, we are constrained to conclude that this issue is waived. In light of our disposition, we decline to address Appellant's remaining issue

that the trial court erred when it found Appellant guilty in the absence of competent testimony from K.C. and L.B.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/28/21